**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

RYAN O'DELL,                :

                         :

        Plaintiff,      :   Civil Action No. 23-cv-1311

                         :

v.                     :   **COMPLAINT FOR VIOLATIONS OF**
                         :   **SECTIONS 14(a) AND 20(a) OF THE**

ATLAS TECHNICAL CONSULTANTS,  :   **SECURITIES EXCHANGE ACT OF**
INC., BRIAN FERRAIOLI, JOE BOYER, R.  :   **1934**
FOSTER DUNCAN, LEONARD K.     :
LEMOINE, DANIEL G. WEISS, THOMAS  :   **JURY TRIAL DEMANDED**
H. HENLEY, RAQUEL G. RICHMOND, and :
COLLIS TEMPLE III,           :

                         :

        Defendants.    :

---------------------------------------------------------

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.     This is an action brought by Plaintiff against Atlas Technical Consultants, Inc. ("Atlas or the "Company") and the members Atlas's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed acquisition of Atlas by affiliates of GI Manager L.P. ("GI Partners").

2.     Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Preliminary Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on February 14, 2023 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders. The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby the GI Apple Merger Sub LLC ("Merger Sub"), a wholly owned direct subsidiary of GI Apple Midco LLC ("Parent"), will merge with and into Atlas with Atlas becoming s wholly owned direct subsidiary of Parent (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on January 30, 2023 (the "Merger Agreement"), each Atlas stockholder will receive $12.25 in cash (the "Merger Consideration") for each Atlas share owned. Merger Sub and Parent are both controlled by investment funds advised by GI Partners.

3. As discussed below, Defendants have asked Atlas's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the analyses performed by the Company's financial advisor, BofA Securities, Inc. ("BofA") in support of its fairness opinion.

4. It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Atlas's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Atlas stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Brian Ferraioli has served as a member of the Board since February 2020 and is the Chairman of the Board.

11.     Individual Defendant Joe Boyer has served as a member of the Board since February 2020 and is the Company's Chief Executive Officer.

12.     Individual Defendant R. Foster Duncan has served as a member of the Board since February 2020.

13.     Individual Defendant Leonard K. Lemoine has served as a member of the Board February 2020.

14.     Individual Defendant Daniel G. Weiss has served as a member of the Board since February 2020.

15.    Individual Defendant Thomas H. Henley has served as a member of the Board since March 2020.

16.    Individual Defendant Raquel G. Richmond has served as a member of the Board since November 2020.

17.    Individual Defendant Collis Temple III has served as a member of the Board since April 2021.

18.    Defendant Atlas is a company incorporated under the laws of the State of Delaware and maintains its principal offices at 13215 Bee Cave Parkway, Building B, Suite 230, Austin, Texas 78738. The Company's stock trades on the NASDAQ Global Select Market under the symbol "ATCX."

19.    The defendants identified in paragraphs 10-17 are collectively referred to as the "Individual Defendants" or the "Board."

20.    The defendants identified in paragraphs 10-18 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

A.    **The Proposed Transaction**

21.    Atlas provides professional testing, inspection, engineering, environmental, and program management and consulting services in the United States. The Company provides a range of technical services that helps its clients test, inspect, plan, design, certify, and manage various projects across various end markets. It offers testing, inspection, and certification services, such as construction materials testing; non-destructive testing and evaluations, materials testing and inspection, laboratory, and geophysics; construction quality assurance; owner verification and inspection; forensic and structural investigations; and materials laboratory services. The Company also provides environmental services, including environmental permitting, compliance assistance,

and auditing and compliance management system implementation; air quality; water, hazardous material permitting, and registration; underground storage tank management; leak detection and repair program management; water resource management; industrial hygiene and building science; and disaster response and recovery. In addition, it offers engineering and design services comprising civil site, transportation, and geotechnical engineering; hydrogeology; water/wastewater; solid waste/landfill; land acquisition; subsurface utility engineering; surveying and mapping; and geographic information system asset inventory and assessments. Further, the Company offers program management/construction management/quality management services consisting of programmatic planning and phasing; contract document preparation; bid evaluation and award analysis; alternative/value engineering; project estimating and scheduling; project cost/schedule control; contract administration; project management; community relations/affairs; asset management; construction management; quality management and assurance; and construction engineering and inspection. The Company is headquartered in Austin, Texas.

      22.    On January 31, 2023, the Company announced the Proposed Transaction:

> AUSTIN, Texas, Jan. 31, 2023 (GLOBE NEWSWIRE) -- Atlas Technical Consultants, Inc. (Nasdaq: ATCX) ("Atlas" or the "Company"), a leading provider of infrastructure and environmental solutions, today announced that it has entered into a definitive agreement to be acquired by private investment firm GI Partners in an all-cash transaction valued at approximately $1.05 billion, including outstanding debt.

> Under the terms of the transaction, Atlas shareholders will receive $12.25 per share in cash, which represents a premium of approximately 124% over the Company's unaffected closing share price of $5.47 on January 30, 2023. Upon completion of the transaction, Atlas' shares will no longer trade on Nasdaq and Atlas will become a private company.

> "We are pleased to have reached this agreement with GI Partners, which we believe will deliver immediate and certain cash value to Atlas shareholders at a significant premium," said Brian Ferraioli,

Executive Chairman of the Board of Atlas. "The Board's decision follows careful evaluation of the transaction and a comprehensive review of value creation opportunities for Atlas."

"Since founding Atlas in 2017, we have built one of the largest pure-play professional and technical services businesses, serving infrastructure and environmental markets in the United States," said L. Joe Boyer, Atlas' Chief Executive Officer. "This transaction recognizes the value our team has created over the last five years. Our partnership with GI Partners represents a new and exciting chapter for our employees and our customers. We are aligned in delivering exceptional service and helping our clients design and complete infrastructure projects that improve their communities."

**Transaction Approvals and Timing**

The transaction was unanimously approved by Atlas' Board of Directors, which recommends that Atlas shareholders vote in favor of the transaction.

Affiliates of Bernhard Capital Partners, which own approximately 43% of the outstanding Atlas common stock, have entered into a voting agreement in support of the transaction.

The transaction is expected to close in the second quarter of calendar 2023, subject to approval by Atlas shareholders, receipt of regulatory approvals and other customary closing conditions.

For further information regarding the terms and conditions of the definitive merger agreement, please see Atlas' Current Report on Form 8-K, which will be filed in connection with the transaction.

**Advisors**

BofA Securities is serving as exclusive financial advisor to Atlas, and Kirkland & Ellis LLP and Potter Anderson & Corroon LLP are serving as legal counsel.

Ropes & Gray LLP is serving as legal counsel to GI Partners in connection with the transaction.

\* \* \*

23.    The Board has unanimously agreed to the Proposed Transaction. It is therefore imperative that Atlas's stockholders are provided with the material information that has been

omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.      The Materially Incomplete and Misleading Proxy Statement**

24.      On February 14, 2023, Atlas filed the Proxy Statement with the SEC in connection with the Proposed Transaction.  The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

25.      The Proxy Statement fails to provide material information concerning financial projections by Atlas management and relied upon by BofA in its analyses. The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and BofA with forming a view about the stand-alone valuation of the Company. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that Atlas management provided to the Board and BofA. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the

company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

26.     For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metric: Adjusted EBITDA, but fails to provide line items used to calculate the metric or a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

27.     When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

28.     The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other

non-discretionary expenditures that are not deducted from the measure.[1]

29.     Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metric included in the Proxy Statement not misleading.

30.     Further, the Proxy Statement fails to disclose unlevered, after-tax free cash flows the Company is forecasted to generate during the last three quarters of the fiscal year ending December 31, 2023 through the full fiscal year ending December 31, 2027.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses*

31.     With respect to BofA's *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the financial metrics and multiples for each company selected by BofA for the analysis.

32.     With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose: (i) the financial metrics, multiples, and the exact announcement dates for each transaction selected by BofA for the analysis; and (ii) the inputs and assumptions underlying the adjusted EBITDA multiples of 7.6x to 10.5x selected by BofA for the analysis.

33.     With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the standalone unlevered, after-tax free cash flows that Atlas was forecasted to generate during the last three quarters of the fiscal year ending December 31, 2023 through the full fiscal  year ending December 31, 2027; (ii) the terminal values for Atlas; (iii) the inputs and

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

assumptions underlying the use of the range discount rates of 8.9% to 10.9%; (iv) the inputs and assumptions for the perpetuity growth rates ranging from 2.0% to 3.0%.

34.     With respect to BofA's analysis of stock price targets for Atlas, the Proxy Statement fails to disclose: (i) the Wall Street research analysts observed; and (ii) the price targets published by each Wall Street research analyst.

35.     In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and he is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

36.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

38.     Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and

authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

39.    In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).  The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

40.    Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement.  The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.  Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully.  Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

41.    The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Atlas within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Atlas, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Atlas, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Atlas, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Proxy Statement.

46.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.      Granting such other and further equitable relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: February 15, 2023                                    **MELWANI & CHAN LLP**

By:   */s/ Gloria Kui Melwani*
     Gloria Kui Melwani (GM5661)
     1180 Avenue of the Americas, 8th Fl.
     New York, NY 10036
     Telephone: (212) 382-4620
     Email: gloria@melwanichan.com

     *Attorneys for Plaintiff*